Beckett *v.* Zane.

---

JOHN V. BECKETT, executor.

*v.*

HORATIO G. ZANE et ux.

An executor, in ignorance of his duty, delivered his testatrix's will to her daughter, who was dissatisfied with its provisions.  He afterwards demanded it, three different times, of her and her husband, but was unable to obtain it, and then brought suit in this court to compel the defendants (the daughter and her husband) to restore it to him, and to prevent them from mutilating or

destroying it in the meanwhile. By their answer they denied any intention
to suppress or destroy the will, or any refusal to deliver it to complainant, and
they produced and delivered it in open court.—*Held*, that they must pay the
costs of the suit.

Bill for relief. On final hearing upon pleadings and proofs.

*Mr. A. Cochran* and *Mr. M. P. Grey*, for complainant.

*Mr. R. S. Clymer*, for defendants.

THE CHANCELLOR.

This suit was brought by the executor of the will of Rachel
Ward, deceased, late of Salem county, against Lavinia Zane, the
daughter of the testatrix, and Horatio G. Zane, her husband.
The bill states that the will was, soon after the death of the tes-
tatrix, delivered to Mrs. Zane, at her request, by the executor,
who, in delivering it to her, acted in ignorance of his duty in the
matter; that he afterwards repeatedly demanded it of the defend-
ants, in order that he might present it for probate, but they
refused to deliver it to him. It prays an answer on oath, an in-
junction to prevent the defendants from destroying, injuring or
altering the instrument, and that they may be required to produce
it. By their answer the defendants admit that they have posses-
sion of the will, deny that they have ever refused to produce it,
and allege that on the contrary they have, since it came to their
hands, always been ready to deliver it to the complainant on re-
quest, but that he has never asked them to do so.

On a motion made to dissolve the injunction, they delivered
up the will in open court, and it has since been admitted to pro-
bate. The only question to be decided is as to their liability to
pay the costs of the suit. · It appears from the testimony that
the will was delivered up by the complainant to Mrs. Zane (who
was very much dissatisfied with it) at her request, and that she
so obtained it with a view of suppressing it if she could law-
fully do so. She was the testatrix's only heir-at-law, and was
her next of kin. She deposited it for safe keeping with Rev.
Mr. Stultz, who kept it until October, 1884, when he returned

it to her. On receiving it from him she gave it to her husband, who had control of it from that time until the bringing of this suit. It does not appear where he kept it. Mrs. Zane swears that she herself did not know. From this testimony it would seem that it was secreted by him. The complainant made three several demands for it at different periods, but without success. One of them was, he says, in October, 1884. He swears that on that occasion both Mr. and Mrs. Zane, with very strong expressions of determination, declared that the will should never be admitted to probate if they could prevent it. He testifies that another occasion was in July, 1885, and that then Mrs. Zane said she did not know who had the will, and that she did not know whether her husband did. The complainant swears that he could get no satisfactory information as to the will from either her or her husband. He is corroborated by the testimony of Adin Beckett, who was present at that conversation.

Immediately after that demand the suit was brought. The preponderance of evidence is with the complainant.

The defendants must pay costs.